WILLIAM H. KNOEPFEL, Appellant, *v.* THE KINGS COUNTY FIRE INSURANCE COMPANY, Respondent.

(Submitted June 5, 1876 ; decided June 13, 1876.)

THIS was an action to restrain defendant from interfering with certain signs belonging to plaintiff.

Both parties were tenants of one Marquand, leasing basement offices on Liberty street, New York. Defendant occu-

pied the front office, and plaintiff an office in the rear, to which access was had through defendant's doorway. Defendant's lease was executed February 10, 1874, the term beginning April first, thereafter. The lease contained this clause: "The one-third, at least, of the front water-table on Liberty street is reserved for signs for the tenants of the rear offices, and such amicable arrangements for signs on the side entrance as may be agreed for." There was a printed rule on the back of the lease to the effect that no sign should be affixed on the building, except in such places as shall be designated by the lessor and indorsed thereon. Plaintiff's lease was executed February 12, 1874, the term beginning May first. Upon the back of it was the same printed rule; and, at the time of its delivery, a printed slip was handed to him, containing the clause above quoted from defendant's lease. Plaintiff claimed that there was a verbal agreement under which he begun moving in and arranging his office prior to May first, under which an arrangement was made for signs, but the arrangement was not definite. The landlord's agent testified that the only arrangement for signs was contained in the lease and memorandum. Plaintiff testified that he took possession April thirtieth. Prior to April twenty-third, on which day the action was commenced, plaintiff put up a sign in the center of the water-table, over the door, and a large sign at the side. He refused to make any arrangement with defendant as to signs on the side entrance, and defendant caused these signs to be removed.

*Held*, that all prior negotiations would be deemed to have been merged in the lease, and that it was not apparent how plaintiff could maintain an action commenced before and for acts done, prior to the time when the lease became operative; but, that aside from this, by a fair construction of the provisions referred to, plaintiff, while entitled to one-third of the water-table, could not put his sign in the center, and so divide the space to which defendant was entitled, but should have placed it on one side; that, as to signs upon the side entrance, before invoking the aid of a court of equity plaintiff should have used reasonable efforts to come to an amicable arrangement with defendant; and having refused to make

any such arrangement, plaintiff was not entitled to the relief sought.

*Algernon S. Sullivan* and *Robert Ludlow Fowler* for the appellant,

*Davis & Lyon* for the respondent.

MILLER, J., reads for affirmance of order and for judgment absolute against plaintiff.

All concur.

Order affirmed and judgment accordingly.