FULLER & BAGLEY, Appellants, v. JAMES A. ROSE et al., Respondents.

**Kansas City Court of Appeals, March 6, 1905.**

1. **LANDLORD AND TENANT: Lease: Interpretation.** What passes by a lease depends upon the intention of the parties to be ascertained from the instrument itself and the character and surroundings of the premises; and in the absence of stipulation the lessee of a business building acquires title to the whole of the building including both sides of the outer walls and has exclusive right to use the walls for all legitimate purposes.

2. ———: ———: ———: **Office Building.** The rights of tenants of an office building must be so curtailed that they will not interfere with each other, and one possesses the right to the support and enclosure of the outer walls, but the title to such walls remains vested not in the tenant but in the landlord who must maintain them for the benefit of all.

3. ———: ———: ———: ———. A landlord of an office building may deprive his tenants of any use of the outer walls by stipulations in his leases and then use the same for revenue purposes.

4. ———: ———: ———: ———: **Advertisements: Injunction.** A landlord of an office building, who by his leases denies his tenants any use of the walls for advertising their business, may not use such walls so as to inflict damages upon his tenants by placing thereon advertisements injuring the business of the tenants; but he cannot be enjoined from using the walls for advertising on the ground that such advertisements are not in good taste. There must be substantial damage.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*H. S. Julian* for appellants.

(1) The outside walls of a tenement belong to tenant, and the court should have found for appellants. Baldwin v. Morgan, 43 Hun 355, 50 N. Y. Sup. 355; Riddle v. Littlefield, 53 N. H. 503. (2) Injunction was the proper remedy in this case and a mandatory

injunction could and should have been issued. High on
Injunction (3 Ed.), sec. 708; High on Injunction
(3 Ed.), secs. 1135-1142; Dickinson v. Canal Co., 15
Beavan 270; Howard v. Ellis, 4 Sand. Ch. (N. Y.) 587.
(3) Restrictive covenants may be prevented by injunc-
tion. 11 Am. and Eng. Ency. of Law, 941; Harber v.
Evans, 101 Mo. 661; Fox v. Mission School, 120 Mo.
359; Railroad v. Springfield, 85 Mo. 675.

*Grant I. Rosenzweig* for respondents.

(1). What passes in lease of rooms, apartments,
flats, etc., in large buildings in cities: Patterson v.
Graham, 140 Ill. 535; Booth v. Gaither, 58 Ill. App. 263;
Winton v. Cornish, 5 Ohio 477; Harrington v. Watson,
11 Ore. 143; Hosher v. Hesterman, 58 Ill. App. 265;
Lieferman v. Osten, 64 Ill. App. 578, 167 Ill. 93; Seidel
v. Bloeser, 77 Mo. App. 172; McMahon v. Vickley, 4
Mo. App. 230; Wittey v. Quinlan, 38 Mo. App. 681;
Paine v. Irvin, 44 Ill. App. 106; 1 Taylor, Landlord and
Tenant, 175a; Shawmut v. Boston, 118 Mass. 125;
Stockwell v. Hunter, 11 Metc. 448; Pevery v. Skinner,
116 Mass. 129; Fox v. Mission, 120 Mo. 359. (2) Legal
damage must be shown. State v. Fladd, 26 Mo. App.
503; Weigel v. Walsh, 45 Mo. 560; Sills v. Goodyear,
80 Mo. App. 132; Bailey v. Culvert, 84 Mo. 540; Schus-
ter v. Myers, 148 Mo. 429; Dickhouse v. Olderford, 22
Mo. App. 76; Tanner v. Walbrun, 77 Mo. App. 262;
St. Louis v. Snyder, 30 Mo. App. 627; Rankin v.
Charles, 19 Mo. 490; Abraham v. Krautler, 24 Mo. 69.
(3) Wounded feelings no ground. Connell v. Western,
116 Mo. 34; Snyder v. Railroad, 85 Mo. App. 495.

JOHNSON, J.—Defendants are the owners of an
office building seven stories high located in the busi-
ness district of Kansas City. Plaintiffs, when this suit
was brought, were the lessees of three adjoining rooms
situated on the fifth floor and occupying a space the

length of which, east and west, was some thirty feet; the breadth, north and south, twelve feet; and the height, twelve feet. These rooms were inclosed on the south and east by outer walls and windows therein; on the north and west by partition walls. The ground south of the building was vacant to the street; to the north, it was vacant for a distance of fifty or sixty feet. The building faced east on Grand avenue. It contained about one hundred rooms divided among some fifty tenants. The period of time covered by plaintiffs' lease began January 1, 1902, and ended December 31, 1904. During plaintiffs' tenancy the defendant Rose, owner of the building, caused a sign to be painted on the exterior of the south wall on the east end thereof extending from the top of the building to the ground and some thirty feet in width. This sign, painted in several colors, advertised the business of the defendant railway company. In execution and design it was a fair specimen of the signmaker's art. Plaintiffs do not claim any actual damage from its presence but assert that any advertising sign of this character upon an office building is offensive to their artistic taste, and in their eyes serves to cheapen the looks of the building; for which reason, and because the striking colors and design of this work of commercial art by contrast dimmed the lustre of their own signs painted upon the windows, they protested at the time the work was being done to the defendant Rose; and finding their objections unheeded, brought this suit: an injunction proceeding against the landlord, the railway company and the painters, all of whom were in the perpetration of the act complained of—and, it is perhaps needless to add, were actuated in what they did entirely by motives of gain.

It is plaintiffs' contention that under their lease the title to the comparatively small portion of the outer wall represented by the area thereof which incloses their rooms is vested in them, which, if true,

would make the acts of defendants in painting and maintaining thereon a part of the objectionable sign a continuing trespass for which action would lie, regardless of the fact of actual damage. That which passes under a lease depends upon the intention of the parties to be ascertained from the instrument itself. The character and surroundings of the leased premises are also important factors to be considered in determining the extent of the demise as intended by the parties. [Winton v. Cornish, 5 Ohio 477; Harrington v. Watson, 11 Ore. 143; Lowell v. Strahan, 145 Mass. 1; McMahon v. Vickery, 4 Mo. App. 230.] In the absence of stipulation to the contrary the lessee of a building to be used for business purposes acquires, under his lease, title to the whole of the building, including both sides of the outer walls, which, of course, gives him the exclusive right to use the walls for all legitimate purposes, including that of advertising. [Riddle v. Littlefield, 53 N. H. 503; Baldwin v. Morgan, 43 Hun 355; McAdam on Landlord and Tenant, sec. 442; Witte v. Quinn, 38 Mo. App. 681.]

Obviously, the presence of a number of tenants in a single building restricts the extent of the demise to each and the rights and privileges incident thereto. The rights of all must be so curtailed that they will not interfere with each other. In this building all of the tenants possessed the right to the support and inclosure of the south wall, including the part thereof claimed by plaintiffs. It would lead to absurd conclusions to say that any tenant was vested with title to any portion of the outer walls. The title to them remained in the owner of the building, whose duty it was to maintain them for the benefit of all of the occupants. [Bank v. Boston, 118 Mass. 125; Lieferman v. Osten, 64 Ill. App. 578; Booth v. Gaither, 58 Ill. App. 263; McGinley v. Trust Co., 168 Mo. 257.]

It has been said by some authorities that tenants in buildings of this character whose rooms are inclosed

by an outer wall, have the right to use such portion of the exterior thereof for the placing thereon of their signs; but such right is a privilege acquired from universal custom—a mere incident to, not a parcel of the demised premises—and consequently not derived from title. The landlord may deprive his tenants of such privilege by stipulations in the lease, in which case the ownership of the walls remaining in him, he may use their outside surfaces for purposes of revenue. [Knoeffel v. Ins. Co., 66 N. Y. 639; McAdam on Landlord and Tenant, secs. 407-8-9; Lowell v. Strahan, supra.]

In the case before us the parties expressly agreed in the lease that plaintiffs were to be denied the use of any of the walls of the building for advertising their business. They were restricted to the use of the windows for such purpose. Evidently it was the intention of the parties that no other right to the wall was to be demised to plaintiffs than that of support and inclosure. [Lowell v. Strahan, supra.]

The landlord on his part is required in the use made by him of the wall not to inflict damage upon his tenants. He covenanted to give them uninterrupted and peaceable possession of the respective premises, and, therefore, would have no right to place such advertising or other matter on the outside of his building as would tend to injure the business of any of his tenants. No such injury is proven nor even claimed by plaintiffs. Aesthetics lie beyond the cognizance of either equity or law in such cases. Damage of a more substantial nature must be involved. Offended taste will not support a cause of action. [Bailey v. Culver, 84 Mo. 540; State ex rel. v. Flad, 25 Mo. App. 503; Schuster v. Myers, 148 Mo. 429; State ex rel. v. Associated Press, 159 Mo. 458; Tanner v. Wallbrunn, 77 Mo. App. 262.]

Other points are made which will not be noticed here. What we have said disposes of the case. The judgment is affirmed. All concur.