KRETZER REALTY COMPANY, Rsspondent, v. THOMAS CUSACK COMPANY, Appellant.

St. Louis Court of Appeals, December 30, 1916.

1. **LANDLORD AND TENANT: Use of Outside Walls of Building: Rights of Tenant.** Although a tenant in possession is entitled to the use of the outside walls of the rented building, and may delegate that use to a third person, he has no right to so use the outer wall as to injure the freehold, or for purposes inconsistent with the lawful and reasonable enjoyment of the property.

2. ———: ———: **Advertising Signs: Liability of Third Party.** A third party who painted advertising signs on the outside walls of a building under permission from the tenant was liable to the landlord only in the event the sign substantially damaged the freehold, since the landlord has no right of action for trespass unless the freehold is substantially damaged thereby.

3. ———: ———: ———: ———: **Instructions.** In an action by a landlord for injury to the freehold resulting from an advertising

sign covering the outside wall of a building, which was painted thereon by defendant under permission from the tenant, an instruction for plaintiff purporting to cover the entire case and directing a verdict, but which failed to expressly require the jury to find that the property was substantially damaged by the sign, as a condition precedent to finding for plaintiff, was, because of such omission, erroneous.

4. ———: ———: ———: ———: Instructions: Harmless Error. The error of said instruction was harmless, and should not, therefore, work a reversal of the judgment for plaintiff, under Secs. 1850 and 2082, R. S. 1909, in view of the fact that the jury found, under a correct instruction defining the measure of damages, that the property was substantially damaged by the sign.

5. ———: ———: ———: ———: Instructions: Harmless Error. In such case, an instruction for plaintiff that the tenant did not have authority "to authorize or grant to defendant permission to paint a sign on said premises," while not accurately drawn, must be taken to indicate that it referred to the sign involved in the case, and, although it was erroneous for failing to require a finding that the property was substantially damaged by the sign, nevertheless such error was not prejudicial to defendant, in view of the fact that the jury found that the property was so damaged.

6. APPELLATE PRACTICE: Punitive Damages: Instructions: Harmless Error. An assignment of error predicated on the giving of an instruction authorizing punitive damages will not be considered, on appeal, where no such damages were awarded.

7. LANDLORD AND TENANT: Advertising Signs: Liability of Third Party: Damages. In an action by a landlord for injury to the freehold resulting from an advertising sign covering the outside wall of a building, which was painted thereon by defendant under permission from the tenant, the measure of damages was the difference between the value of the property immediately before and immediately after the sign was painted, and evidence tending to show that the rental value was decreased by reason of the painting of the sign was admissible as tending to show that the value of the property was thereby substantially decreased.

8. ———: ———: ———: Damages: Evidence. In such case, evidence that, after the sign had been painted, another building was placed on the lot, which covered up the sign, was properly excluded, since the measure of plaintiff's damages was the difference between the value of the property immediately before and immediately after the sign was painted, and any subsequent action of any person, which would increase or decrease the value of the property, would be immaterial.

Appeal from St. Louis City Circuit Court.—*Hon. Leo A. Rassieur,* Judge.

AFFIRMED.

*Bishop & Cobbs* for appellant.

(1) A tenant in possession of a building has the exclusive right to use the outside walls for advertising purposes, and to permit others to use them, if not prohibited by the terms of the tenancy. Fuller & Bagley v. Rose, 110 Mo. App. 344, 347; O'Neill v. Manget, 44 Mo. App. 279; Lowell v. Strahan, 145 Mass. 9; Riddle v. Littlefield, 53 N. H. 503, 509; Salinger v. North Amer. Woolen M. Co., 70 W. Va. 151; Baldwin v. Morgan, 43 Hun. 355, 50 N. Y. Sup. 355; Broads v. Meal, 159 Cal. 765; DiMarco v. Isaacs, 132 N. Y. Sup. 363. (2) The court erred and usurped the province of the jury by instructing the jury that Mrs. Mez, the tenant of the building, had no authority to permit defendant to paint a sign on the walls. (3) There being no evidence of any wilful disregard of plaintiff's rights, it was error to refuse to instruct against punitive damages and to instruct that such damages might be allowed. (4) The court erred in refusing to give other instructions offered by defendant. (5) The court erred in so instructing the jury that it could not find in favor of the defendant without violating the instructions. (6) The court erred in permitting opinion evidence as to decrease in rental value as a measure of damages to the fee. (7) The court erred in refusing to permit defendant to prove that, after the sign had been painted, a new business building had been so erected as to cover the sign completely. 1st—Because all evidence as to damage was based on the visibility of the sign. 2nd—Because all evidence as to measure of damage was based wholly on change in rental value and not on cost of obliterating sign or on change in value of fee. 3rd—Because evidence of erection of a business house tended to show character of neighborhood and would affect question of damages. (8) The judgment was for wrong party and should be reversed.

*Richard A. Jones* for respondent.

(1) (a) The structure upon which the sign was painted was a dwelling rented by respondent for use as a boarding house. The sign was not only painted with-

out authority from respondent, the owner of the property, or any attempt on the part of appellant to obtain such authority, but also in direct opposition to the protest of respondent. (b) Appellant sought to justify under an agreement with a tenant, Mrs. Mez, without any authority on her part shown to act in such regard; contending that the mere fact that she was a tenant of respondent gave to her right to grant to another permission to injure this property; for that a material injury was done thereto is established by the verdict, which is in amount considerably less than the evidence tended to prove. The mere statement of the proposition furnishes conclusion voiding appellant's contention. Under the statute, which is in some respects but a restatement of the common law, Mrs. Mez was without authority to commit waste upon the leased premises. (Sec. 7880, R. S. 1909.) So also was she by the same statute prevented from assigning or transferring her term or interest in the premises or any part thereof without the written assent of her landlord, or from contracting to or allowing appellant to paint or maintain sign thereon. Louisville Gunning System v. Parks, 126 Ky. 532; 13 L. R. A. (N. S.) 587. (2) (a) Appellant's suggestion that there is no evidence upon which to base punitive damage is without merit, in view of the conditions disclosed by the record. In any event just how the action of the court in refusing to instruct against such character of damage in any manner injured appellant is difficult to discover, for none such was assessed by the jury. (b) So also as to appellant's contention that the court erred in instructing the jury that Mrs. Mez had no authority to permit defendant to paint the sign on the wall, to so injure respondent's property. Not only is the record void of proof of any such authority, but if the burden was upon respondent to disprove, rather than upon appellant to prove it, from the facts of record and the law applicable thereto such right on the part of the tenant is distinctly negatived. (3) (a) It will scarce be contended by appellant as might perhaps seem from suggestion by way

of argument that because of possession by the tenant at the time of the injury and the suit brought therefor, respondent may not maintain this action, for it is now settled under the decisions in this State that for any injury to real estate by a stranger, the landlord may recover his damage against the person committing such injury, and this notwithstanding tenant is in possession at the time. Arnold v. Bennett, 92 Mo. App. 156; Parker v. Schakelford, 61 Mo. 68. (4) Appellant suggests that decrease in rental value is not the proper measure of damages to the fee. It is true that such may not always be the sole criterion of the decrease or increase in the value of the real estate, but the difference in the earning capacity of any element, be it man, beast or inanimate object, is a most important factor in fixing value. And rental to be derived therefrom is to be considered in fixing the value of real estate. Krebs v. Bambrick Bros. Construction Co., 144 Mo. App. 649, 653. (5) Appellant's offer to show that before trial of the cause and subsequent to the painting of the sign another building had been erected on the lot just west of that of respondent was properly denied by the trial court. The question involved concerned the difference in value of the premises immediately before and immediately after the painting of the sign, not at any subsequent date. McGrath v. Heman Construction Co., 183 Mo. App. 522. (6) The cases cited under appellant's point I, have to do solely with the question between landlord and tenant as to the one entitled to place advertising matter on the outside walls of the premises and do not at all concern the right to paint thereon and so injure the premises. Under such decisions it is to be taken as conceded that the premises were rented for the purpose of a business, in the ordinary course requiring display of signs thereon and that the affixing and displaying of the signs would be done in such manner as not to do injury to the property. The inquiry in the cases cited referring solely to determination of whether such right was by the terms of the letting retained by the landlord or conferred upon the tenant, such decisions are a far cry from

furnishing authority to a tenant to injure the premises or to sublet to another for such purpose. Forbes v. Gorman, 25 L. R. A. (N. S.) 318; Louisville Gunning System v. Parks (supra), 126 Ken. 532, 13 L. R. A. (N. S.) 587. (7) The witness, Jeremiah Healy, had been in the real estate business in St. Louis for fourteen years buying, selling and renting real estate. He was familiar with the property involved and the locality in which situated; knew from personal inspection and from the photo in evidence exhibited to him the conditions present and testified that by reason of the painting of the sign thereon the value of the property was decreased from $500 to $600; that the difference in the market value of the property, the value immediately before and after the painting of such sign thereon was that amount; testified that it would decrease the rental value of the property which is always an element in fixing its value; on cross-examination by appellant testified that it would decrease the rental value $3 per month. Just why the opinion of such witness was not proper evidence of the decreased value of the property, appellant in its argument nowhere discloses; the assignment of error is made that the court erred in permitting opinion evidence, but the reason upon which appellant's claim of error is based, is neither detailed by it or apparent from the proof. (8) The measure of damage fixed by the court in the instruction given at the request of respondent, is in substance the same as that sought to be described in the instruction offered by appellant and that which it approved, both by its examination of witnesses on its own behalf and objection to introduction of evidence on the part of appellant, as the one applicable to the subject matter involved. In any event it correctly states the rule to govern such subject-matter. Krebs v. Bambrick Bros. Const. Co., 144 Mo. App. 649.

THOMPSON, J.—This was a suit brought to recover alleged damages to plaintiff's fee or reversionary interest in the real estate known as 3028 Locust street, St. Louis, Missouri, for the painting of a large sign thereon by defendant. The case was tried before a jury,

resulting in a verdict for plaintiff in the sum of $175 actual damage, and no punitive damages; judgment being rendered thereon, defendant perfected its appeal to this court.

Plaintiff was the owner of the fee to the property known as 3028 Locust street, on October 11, 1912, and had been the owner of it for a long time prior to that date, and was still the owner of it at the time of the trial. For possibly a year prior to October 11, 1912, the entire building known as number 3028 Locust street had been rented by the plaintiff through its agent to a Mrs. Mez for a boarding or rooming house. Mrs. Mez was the tenant in possession of the property, and occupied the entire building as a boarding or rooming house on October 11, 1912, and had been for possibly a year before, and continued to be until the trial of this case in May, 1914. She had during all of that time, about three years, been paying $35 per month for the premises. These premises consisted of a lot and a three-story brick building located on the south side of Locust street, setting back about six feet from the street, and surrounded by business houses and other residences. During October, 1912, there was a vacant lot immediately west of this building, making the west wall visible from Locust street. Prior to October, 1912, Mrs. Mez, the tenant, had displayed a sign advertising rooms and board for rent. This appeared upon the front of the building, but whether it was painted thereon or contained on a card sign, the evidence is not clear.

On October 3, 1912, Mrs. Mez, the tenant, gave to the defendant, in the form of a lease, permission to paint an advertising sign on the west wall of the building. This was a blank wall containing no windows and had never theretofore been painted. It seems that pursuant to this written permission or authority, the defendant between October 11 and October 14, 1912, painted an advertising sign on the west wall of this building, advertising a certain brand of chewing gum, and the sign covered the entire wall, which was forty feet in height and thirty to thirty-five feet in length.

After the painting of this sign had been commenced by the defendant, and before it was completed, the plaintiff wrote a letter to defendant complaining of the defacement by it of the wall. The plaintiff offered evidence tending to show that this letter was received by the defendant before the sign was completed and that a representative of the defendant immediately called upon the plaintiff in response to this letter. The representative said that he would look into the matter, but plaintiff's evidence further tends to show that after the writing of the letter and after the conference with the defendant's representative, the defendant continued to paint the sign and completed it on October 14th. The defendant's evidence tended to show it received the letter written by the plaintiff on October 14, after the painting of the sign was finished. The plaintiff offered evidence to the effect that the painting of the sign upon the building immediately reduced its value and therefore damaged it to the extent of five or six hundred dollars; whereas the defendant offered evidence that the painting of the sign upon the building was a benefit to the property. The evidence does not disclose the character of the tenancy of Mrs. Mez, and we are unable to tell from a careful reading of the record whether she was a tenant from month to month or a tenant under lease for a term of years.

The court gave the following instructions to the jury at the instance and request of the plaintiff:

1. "The court instructs the jury that if you find from the evidence, plaintiff on and subsequent to the 1st day of October, 1912, was the owner of premises and building No. 3028 Locust street in the city of St. Louis, and that on or about the 11th day of October, 1912, defendant Thomas Cusack Company by or through its workman or agents, without the consent or authority of plaintiff, caused to be placed on the west wall of said building a painted sign, your verdict will be in favor of plaintiff against defendant for such amount as you may find under the other instructions and the evidence plaintiff is entitled to recover."

2. "The court instructs the jury, that, under the evidence in this case, Mrs. T. Mez, the tenant of the property No. 3028 Locust street, did not have authority to authorize or grant to defendant, permission to paint a sign on the wall of said premises, and if you find from the evidence plaintiff to have been the owner of said property during the month of October, 1912, and that while such owner, defendant, by or through its servants or agents, without authority of consent of plaintiff, caused to be painted on the west wall thereof, sign described in evidence, then your verdict will be in favor of plaintiff and against defendant for such sum as you may find it entitled to recover under the other instructions."

3. "If the jury find from the evidence under the other instructions in favor of plaintiff, then you will assess in its favor against defendant such, if any, damages as you may believe from the evidence has been done the property of plaintiff by reason of having painted the sign described in evidence, that is to what extent, if any, said property has been injured or lessened in value by having said sign painted thereon."

The defendant excepted to the giving of each of these instructions on the part of the court.

The defendant's contention is, that a tenant in possession of a building has the exclusive right to the use of the outer walls for advertising purposes and to permit others to use them, if not prohibited by the terms of the tenancy.

The leading case upon this subject is Riddle v. Littlefield, 53 N. H. 503, and the court there says:

"Now, it will hardly be contended that the outside wall of a store or house is not essentially for the reasonable and proper enjoyment of the interior of the building. The outer side of the wall is but one side of the same wall that has an inner side, and the removal of the wall removes both sides. If, then, a lessee or grantee may have the wall which he pays for, it would seem that he should be entitled to the use of it, not only for purposes indispensable to the occupation of the building, but also for any purpose of service or profit not inconsistent with

the lawful and reasonable enjoyment of the property. * * * * If the lessee deems it more advantageous to employ the walls for advertising the goods or business of others, receiving payment therefor, than to advertise or expose his own goods upon the wall, it is none of the landlord's business, unless he has restricted and forbidden such use of the premises, or inserted in his lease a covenant against the sub-letting of them. It would be singular if a landlord, who had leased a building for the purpose of trade, might occupy the outer walls of the said building for displaying the advertisements of a rival trader; but this result might very probably follow if the lessee might not control the use of the exterior walls.''

In Fuller & Bagley v. Rose, 110 Mo. App. 344. l. c. 347-48, 85 S. W. 931, the court says:

In the absence of stipulation to the contrary, the lessee of a building to be used for business purposes acquires, under his lease, title to the whole of the building, including both sides of the outer walls, which, of course, gives him the exclusive right to use the walls for all legitimate purposes, including that of advertising (Riddle v. Littlefield, 53 N. H. 503; Baldwin v. Morgan, 43 Hun. 355; McAdams on Landlord and Tenant, sec. 442; Witte v. Quinn, 38 Mo. App. 681). . . . It has been said by some authorities that tenants in buildings of this character whose rooms are inclosed by an outer wall, have the right to use such portion of the exterior thereof for the placing thereon of their signs; but such right is a privilege acquired from universal custom—a mere incident to, not a parcel of the demised premises—and consequently not derived from title. The landlord may deprive his tenants of such privilege by stipulations in the lease, in which case the ownership of the walls remaining in him, he may use their outside surface for purposes of revenue."

In Lowell v. Strahan, 145 Mass. l. c. 9, the landlord sued the tenant to recover money which the tenant had received from persons to whom the tenant had given a license to place signs on the outer wall of the building.

The premises occupied by the tenant consisted of the first floor and front part of the basement. The tenant had given permission to other parties to paint signs on the walls of the first floor. The court said:

"In the case at bar, the words of description naturally included the premises in question—the outer walls. It is plain that the lease grants not merely an interest in the walls, like the incidental right of support or shelter which it grants in the land and other parts of the house, but the right to use and enjoy, as leased premises, for the purpose of business. That right is exclusive. The landlord has no right to use or to let it for such purposes. From the mere demise, without regard to special provision of the lease, there is no reason that the landlord should be regarded as having rights in the outside, different from what he has in the inside of the wall. . . . We can see nothing in the nature of the estate granted, therefore, that should prevent the outer wall from being included as a parcel of the demised premises. On the contrary, the fact that it is of value to the tenant for the use for which the premises may be occupied, and of no value for use to the landlord, would indicate that it was part of the premises, if the description was doubtful. . . . It is contended that the agreement of the defendant to allow the sign of a stranger, in consideration of annual payment by him, to remain upon the outside wall demised, was a breach of the covenant not to underlet any part of the premises. But this was a license and not a lease. It was permission to do a particular act; namely, to affix a sign on the wall and gave no authority to do any other act upon the premises."

In the case of Jeanette Fischer Forbes v. John J. Gorman et al., 25 L. R. A. (N. S.) 318, the Supreme Court of Michigan, in speaking of the right of tenant to paint signs on the outside of the property, said:

"The lease of a building or of one floor or story thereof conveys to the lessee the absolute dominion over the premises leased including the outer as well as the inner walls. Such lessee obtains the right, in the absence of restrictions, to use said premises, including the

walls, for all purposes not inconsistent with the lease. He acquires the right to the use of the outer walls, and can put any sign or signs thereon which work no injury to the freehold. The landlord in such a lease retains no right to permit signs or advertising of other parties to be placed upon the outside walls of the leased building."

To the same effect are are following cases: Broades v. Mead, 159 Cal. 765; Salinger v. North American Woolen Mills, 70 W. Va. 151; 24 Cyc. 1047; Baldwin v. Morgan, 43 Hun. 355, N. Y. Sup. 355, 1. c. 357; O'Neil v. Manget, 44 Mo. App. 280; Witte v. Quinn, 38 Mo. App. 681.

In McAdams on Landlord and Tenant, volume 2, page 1521, it is said:

"Where a room in a house is rented for occupancy, it does not include the right to occupy the outer walls with signs and advertisements, but when a part of a house, and especially the principal room, is rented as an office for carrying on a professional business as a store, the lease carries with it the right to occupy the walls or other places of the portion rented with signs, calling attention to the lessee's business in the ordinary way. In other words, where a tenant hired a house or rooms for residential purposes, there is no implied authority to put up signs, but where the renting is for business purposes, it is to be presumed that the name and business of the occupant are to appear on the walls of the house; such being the universal custom."

From the above authorities it is therefore plain that the tenant in possession is entitled to the use of the outside of the walls, just as he is entitled to the use of the inside of the walls, and can delegate that use to a third person, and the landlord has no right to the use of the walls for himself, nor to grant to others the permission to use the walls, but the above authorities, as is clearly pointed out in the case of Jeanette Fischer Forbes v. John J. Gorman et al., 25 L. R. A. (N. S.) 318, supra, also clearly establishes the rule that the tenant in possession of the property cannot so use the outer wall as to injure the freehold, nor can he use them for a pur-

pose inconsistent with the lawful and reasonable enjoyment of the property.

We believe that, in a proper case, it might with much, force be contended as a matter of law that a tenant of a dwelling house, used as a boarding house, could not grant to a third person the privilege of painting a chewing gum sign covering one entire side thereof, because it would be a use of the wall inconsistent with the lawful and the reasonable enjoyment of the property, but as to this we do not rule in this case. But even if that were so, as a matter of law, still in this case the defendant, a third party, would only be liable to the plaintiff in the event that by the painting of such sign the freehold was damaged, because it is only trespass resulting in substantial damage to the freehold that gives a right of action to the landlord when a tenant is in possession. If a tenant has permitted a third person to unlawfully use a part of the premises, the landlord would have, as between him and the tenant, the right to terminate the tenancy, but the owner or landlord only has a right of action against a third party in the event the freehold is substantially damaged, and so even though it is an unwarranted or unreasonable use of the premises for a tenant of a dwelling house, operating a boarding house therein, to cover one entire side of the house with a chewing gum sign, if the tenant permitted a third party to paint the sign, the third party is only liable to the owner in the event the sign has done substantial damage to the freehold, and, of course, the sign has done substantial damage to the freehold if, immediately upon the placing of the sign upon the building, the value of the property materially declines in a substantial amount.

But, irrespective of this, the jury by its verdict found that the sign in question did material substantial damage to the freehold. It is plain under the above authorities that the tenant had no authority to so paint a sign on the west wall of the building as to do material damage to the freehold, and it follows that the tenant had no authority to permit others so to do, and the defendant was therefore liable to the owner for the sub-

·stantial damage it did to the freehold by the painting of the sign.

Instruction No. 1 given for the plaintiff undertook to cover the entire case and direct a verdict. The instruction is defective, we believe, because it did not expressly require, by its terms, the jury to find that the property was substantially damaged by the sign before they could find for the plaintiff and against the defendant. We are not unmindful of that class of cases holding that an instruction which attempts to cover the whole case and direct a verdict, must include every fact necessary to a recovery (Hall v. Manufacturers Coal & Coke Company, 260 Mo. 351, 168 S. W. 927; Ghio v. Schaper Bros. Mercantile Company, 180 Mo. App. 686, 163 S. W. 551; Walker v. White, 192 Mo. App. 13, 178 S. W. 254; Wilks, by next friend, v. St. Louis & San Francisco R. R. Co., 159 Mo. App. 711, 141 S. W. 910), yet we believe that, in a case like this, where every fact necessary to a recovery is incorporated in the instruction, except the fact that the jury should further find that the property was substantially damaged, and that fact is established by the verdict of the jury, under a proper instruction on the measure of damage, the omission should not be considered reversible error. Every other fact necessary to a recovery by the plaintiff and against the defendant was incorporated in the instruction, and the instruction ought to have told the jury that they must further find that the freehold had been substantially damaged to have been in accord with the above authorities, but inasmuch as the jury found in its verdict that the property was substantially damaged, we are at a loss to see how the omission could possibly constitute reversible error. So far as this case is concerned, it is an established fact that the freehold was damaged by the painting of the sign to the extent of $175, a substantial sum. If at the trial of the case the counsel for the defendant had admitted that by the painting of the sign the freehold was substantially damaged, the instruction would not have been defective in failing to tell the jury that before they could return a verdict for the plaintiff they must find that the prop-

196 Mo. App.—39

erty was substantially damaged. If this be true, when the fact is admitted, certainly the omission would not constitute reversible error when the fact be found by a jury under a proper instruction on the measure of damages. Believing as we do, therefore, it is our duty, under sections 1850 and 2082, Revised Statutes, 1909, to disregard the defect in said instruction.

The second instruction given for the plaintiff told the jury that Mrs. Mez, then tenant, did not have authority to authorize or grant to defendant permission to paint a sign on the wall of said premises. This instruction must, of course, be taken to refer to the sign involved in this case, a sign which the jury found did substantial damage to the freehold. Viewed in this light, while the instruction perhaps was not accurately drawn, we do not believe that the giving of it constitutes such error as requires the reversal of this case. The instruction ought also to have required the jury to find that the freehold was substantially damaged, but what has been said above with reference to instruction number one applies here, inasmuch as the jury found that there was substantial damage under these two instructions, both of which expressly refer to the instruction on the measure of damage. The court at the instance of defendant gave an instruction to return a verdict for nominal damage in the event that no damage was done to the property by the painting of the sign. With this instruction on behalf of the defendant and instruction number three on behalf of the plaintiff the jury found that the property had been substantially damaged.

The defendant also complained of an instruction given on behalf of the plaintiff authorizing a recovery of punitive damages, but inasmuch as the jury returned no punitive damages against the defendant, it has no cause for complaint in this respect.

The defendant complains because the court admitted, over its objection, evidence tending to show that the value of the property was decreased by the sign, because its rental value would be decreased. We think that there was no error in allowing this evidence, or any other evi-

dence which would tend to show that the value of the property was substantially decreased immediately upon the painting of the sign; in fact, it appears that the defendant's theory of damages, in the event that plaintiff was entitled to recover, was the difference in value of the property immediately before the sign was painted and immediately after the sign was painted, and any evidence directed to that subject at that time tending to show these values was competent evidence.

The defendant also offered evidence that, after the sign had been painted, another building was placed on the lot immediately to the west of the property involved in this case, which covered up the sign. This evidence was excluded and defendant complains of it. This evidence, we believe, was properly excluded. When the sign was placed upon the building it was either immediately damaged or it was not damaged. If it was immediately damaged and declined, then the plaintiff would be entitled to recover the difference between the value of the property before and after the sign was placed thereon. Any subsequent action of any person which would either increase the value of the property or decrease the value of the property would be immaterial, because the measure of damage is to be determined between the value of the property at the time of the act complained of. Finding no reversible error, the judgment of the circuit court is affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.