JOHN H. BOBB, Respondent, v. SYENITE GRANITE COMPANY, Appellant.

St. Louis Court of Appeals, October 28, 1890.

1. **Injury to Land**: LANDLORD'S RIGHT OF ACTION: STATEMENT IN JUSTICES' COURTS. The landlord of realty, occupied by a tenant for a term of years, can recover for an injury to the reversion or fee through a trespass, but must in courts of record allege that the

injury is of that character. When, however, his action is instituted before a justice of the peace, he is not bound to make the allegation with the same precision as in a pleading at common law or under the code.

2.  **Instructions:** BASED UPON CONJECTURE. An instruction not based upon evidence, but predicated upon matter of conjecture, is erroneous.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge. ‘

REVERSED.

*Leonard Wilcox,* for appellant.

It was error to refuse instructions asked at the close of plaintiff's evidence, and to all the evidence as for non-suit, also defendant's instruction number 10, and to overrule the motion to exclude all evidence. 9 Bacon's Ab., p. 458, title trespass, C, 3; *Lindenbower v. Bentley,* 86 Mo. 513, 519, 520; *Garner v. McCullough,* 48 Mo. 318; *Roussen v. Benton,* 6 Mo. 392; *Anderson v. Nesmith,* 7 Mo. 167; 2 Waterman on Trespass, secs. 948 and 1058; 2 Greenl. Ev., secs. 616, 656; 1 Chitty on Plead. [16 Am. Ed.] *72, *197, *198, bot. pp. 94, 258; *Southington v. Gridley,* 20 Conn. 200; *Turner v. Williams,* 76 Mo. 617. (2) The instruction given for plaintiff was erroneous. Boone on Mortgages, sec. 102; *Holladay v. Longford,* 87 Mo. 597; *Bobb v. Graham,* 89 Mo. 200; *Hasking v. Philip,* 3 Exch. R. 166, 182; *Van Densen v. Young,* 28 N. Y. 8, 26; *Harrison v. Railroad,* 88 Mo. 625, 628; *Reyburn v. Wallace,* 93 Mo. 326; 2 Greenl. Ev., sec. 616. (3) It was error to refuse to instruct the jury to give only nominal damages. See defendant's instruction number 9. *Sheedy v. Brick Works,* 25 Mo. App. 527, 531; Boone on Mortgages, sec. 102. (4) Plaintiff is estopped from maintaining this action because he did not set up the claim in the suit on the special tax bill. *Gates v. Preston,* 41

N. Y. 113; *St. Louis v. Allen*, 53 Mo. 52, 53, 55; Charter, art. 6, sec. 25; 2 R. S. 1889, p. 2125. (5) It was error to refuse defendant's instructions numbers 6 and 7. *Julia B. Ass'n v. Tel. Co.*, 88 Mo. 267.

*T. J. Rowe*, for respondent.

ROMBAUER, P. J.—This action was commenced before a justice of the peace to recover damages for breaking and destroying a sidewalk consisting of stone flagging in front of certain premises in the city of St. Louis, described as numbers 717 and 719 Walnut street, of which it is alleged that the plaintiff was the owner. A trial before a jury in the circuit court resulted in a verdict in favor of the plaintiff for the sum of thirty-five dollars, and the defendant prosecutes this appeal.

Upon a former hearing we reversed the judgment of the trial court rendered upon this verdict, with directions to enter judgment for the plaintiff for nominal damages only. A re-examination of the cause has satisfied us that our conclusions of law upon the record were correct, even though we were mistaken in our finding that the plaintiff was not the exclusive owner of the reversion at the date of the alleged trespass.

It appeared in evidence at the trial that, in the year 1884, the title to the premises was vested in the plaintiff in fee. It also appeared that the premises known as 717 Walnut street were occupied by a tenant under a lease for three years, about two years of which term were unexpired. It further appeared that the premises known as number 719 were occupied by a tenant from month to month. It moreover appeared that there was a private alley between the two houses, and that the damage which was done to the pavement was done to that portion of the pavement in front of house number 717, and to that portion which was laid across the alley. The title to this alley was vested in the plaintiff in like manner as that to the two houses.

There was also evidence to the effect that, subsequently to the doing of the damage complained of, and prior to the commencement of the action, the plaintiff conveyed his interest in the premises to one Siegel, and that he had never been in possession of the premises from the time of the damage until the trial.

The evidence further tended to show that the defendant, in that year, had a contract with the city of St. Louis for the paving of Walnut street with granite blocks, and that the defendant used the sidewalk for the piling of paving blocks, and so piled the blocks and threw them on the sidewalk, as to break and injure the flagging stones.

I. The first assignment of error is that the court should have excluded all evidence under the statement, and should have given, at the close of the case, an instruction which was tendered by the defendant, to the effect that, if the plaintiff was not in actual possession of the house, when the damage was done, the jury should find for the defendant. The theory of the defendant is that, if this is an action of *trespass* to land, the plaintiff cannot recover, under numerous decisions in this state, because he was not in possession when the alleged trespass was committed; and that, if it is an action for *waste*, he cannot recover for the same reason, because, it is argued, in an action for *permissive waste*, the landlord has an action against the tenant for the full amount of the damage done, and the tenant has an action over against the trespasser by whom the damage was done.

The law in this state is settled by numerous decisions, in conformity with the principles of the common law, that an action for a trespass on land cannot be maintained by a plaintiff not in actual or constructive possession of the land. It has also been reasoned in a decision of our supreme court that an action for permissive waste can be maintained by the landlord against

the tenant, where the tenancy is for a term of years, though it cannot be maintained where the tenancy is a mere tenancy at will or on sufferance. *Coale v. Railroad*, 60 Mo. 227, 234. But it has never been decided in this state that the landlord cannot have an action against a trespasser for an injury to the reversion. That the owner of the reversion, who is out of possession, where the actual possession is in a tenant for life or for years, has such an action is settled by numerous decisions, running back so far that the beginning of them · probably cannot be found. *Mayor, etc., of Cartersville v. Lyon*, 69 Ga. 577; *Aycock v. Railroad*, 89 N. C. 321; *Jesser v. Gifford*, 4 Burr. 2141. The only exception to this rule seems to be that the technical common-law action of *trespass* cannot be thus maintained by the landlord or reversioner out of possession, but that his action must be an action of trespass in the *case*, where the common-law distinctions as to the forms of action are maintained (Taylor, Landlord & Tenant, sec. 173), a distinction which is unimportant under our code of procedure. On the other hand, where the injury is not to the reversion, but merely to the possessory rights of the tenant, the landlord or reversioner cannot maintain the action. *Baxter v. Taylor*, 4 Barn & Ad. 72; *French v. Fuller*, 23 Pick. 104; *Little v. Palister*, 3 Me. 6.

It is also true, in respect to actions of this nature commenced in superior courts of record, that the plaintiff must not only allege (*Jackson v. Pesked*, 1 Maul. & S. 234), but must also prove (*Geer v. Fleming*, 110 Mass. 39), that the injury for which he sues is an injury to the reversion, and not merely an injury to the possessory rights of the tenant. But, while he must undoubtedly prove this in an action commenced before a justice of the peace, yet the rules of pleading in actions instituted in those popular tribunals are so liberal, that we are of opinion that it is not necessary for him to allege it with the precision required in a declaration

at common law, or in a petition in an action in the circuit court under our practice act ; and we hold that, in this respect, the statement upon which this action was commenced before the justice of the peace was sufficient.

II. At the request of the plaintiff, the court instructed the jury :

"That if they believe, from the evidence that the defendant, during the months of June and July, 1884, in a careless and negligent manner, threw and piled granite blocks on the pavement or sidewalk in front of the premises of 717 and 719 Walnut street, in the city of St. Louis, Missouri, and thereby broke and injured the stone flagging in front of said premises, and that John H. Bobb, at the time said stone was piled on said pavement, if it was so piled, was the owner of said premises, 717 and 719 Walnut street, then your verdict should be for plaintiff for a sum sufficient to repair the damage done to said pavement."

And upon the request of the defendant the court instructed the jury.:

"The burden of proof rests upon the plaintiff, and, therefore, even if you should find a verdict for plaintiff, yet if the evidence is such that you are not satisfied, or cannot determine from it, what the damage is which the plaintiff may have sustained, if any, then your verdict must be for a mere nominal sum."

Complaint is made of the instruction given on plaintiff's behalf on the ground that there was no evidence in the case showing or tending to show the cost of repairing the damage done to said pavement, and, therefore, to that extent the instruction had no evidence to support it. Complaint is also made that the verdict and judgment are directly opposed to the instruction on the question of damages, given to the jury on defendant's behalf.

Both these complaints are just. The only evidence which we find in the record, having even a remote

bearing on this question, is some evidence tending to show what an entirely new pavement, of a wholly different material, in front of the entire premises would cost. From these data the jury could not possibly ascertain, except by the barest conjecture, what the repair of this pavement would have cost, all the more so since all the evidence conceded that only a part of the flagging was injured, and even that to no serious extent, as the pavement remained in constant use without repair from the date of the injury in 1884 until the date of the trial in 1889.

As a verdict based on mere conjecture cannot stand, these errors necessarially lead to a reversal of the judgment. And, as the purposes of justice would not be subserved by remanding the cause for a new trial, the expense of which would necessarily exceed any amount which the plaintiff could possibly recover under the conceded facts, we deem it proper to direct such judgment now as the lower court upon the trial should have rendered, which is a judgment in favor of plaintiff for nominal damages.

The judgment will be reversed and the cause remanded with directions to enter judgment in favor of plaintiff for nominal damages. All the judges concur.