Thomas S. Ridge, Respondent, v. Railroad Transfer Company, Appellant.

Kansas City Court of Appeals, January 29, 1894.

1. **Master and Servant:** LIABILITY FOR SERVANT'S ACTS. The master will be held responsible for the negligent acts of the servant done in the general scope of his employment and in pursuit of the master's business.

2. ———: ———: TRANSFER COMPANY'S DELIVERY OF GOODS: CONSTRUC-
TION OF CONTRACTS: LANDLORD: JURISDICTION OF JUSTICE OF PEACE.
A transfer company had a contract to deliver a merchant's goods
at his store, which was silent as to the exact point of delivery.
The merchant habitually with the knowledge of the company required
its servants to deliver the goods on the platform of an elevator on the
inner part of the sidewalk. In making a delivery on the elevator,
one of the servants of the transfer company negligently permitted a
box to break the plate glass window. *Held. First.* The servant was
in the scope of his employment. *Second.* The conduct of the parties
had made certain the exact point of delivery which the contract had
left in doubt. *Third.* That the damage was done to the freehold and
not the possession and action lay in favor of the landlord and not the
tenant. *Fourth.* The action was within the jurisdiction of a justice of
the peace.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W.
HENRY, Judge.

AFFIRMED.

*M. Campbell* for appellant.

(1) The justice had no jurisdiction to try this
case, which is based on plaintiff's title to real estate.
Revised Statutes, sec. 6124; *Bidwell v. L. & I. Co.*, 76
Mo. 321; *Patterson v. Yancy*, 81 Mo. 379; *State, etc., v.
Hopkins*, 87 Mo. 519. (2) And since the damage
complained of is, as it is stated, an injury to the
occupant, and not to the owner. *Roussen v. Benton*, 6
Mo. 592; *Cochran v. Whitesides*, 34 Mo. 417; 12 Am.
Ency. of Law, 720, and notes; 4 Kent's Com., side
pages 119–120. (3) The court erred in not sustaining
the demurrer to plaintiff's evidence. Authorities
*supra.* (4) Robinson's act, done at Wagner's request,
was beyond the scope of his employment as a teamster
of defendant. *Courtney v. Baker*, 37 N. Y. Sup. 249;
*Stone v. Hills*, 45 Conn. 44; *McClanaghan v. Brock*, 5
Rich. (S. C.) 17. The evidence conclusively shows
that defendant's work was finished when the goods

were unloaded from the wagon, and that the damage was done afterward. *Whitsett v. Ranson*, 79 Mo. 258; *Spohn v. Railroad*, 87 Mo. 74; *Garrett v. Greenwell*, 92 Mo. 120; *Bruen v. K. C. Fair Ass'n*, 40 Mo. App. 425.

*James G. Smart* for respondent.

(1) The assignment of error, "that the justice had no jurisdiction to try this case," because it "is based on plaintiff's title to real estate," is a misconception of the statute. Revised Statutes, 1889, sec. 6124; *Polhaus v. Railroad*, 45 Mo. App. 159; *Bobb v. Syenite Granite Co.*, 41 Mo. App. 645, 646; *Sage v. Tucker*, 110 Mo. 407; *Robertson v. Railroad*, 18 Mo. App. 187; *Williams v. Browning*, 45 Mo. 476; *Bobb v. Wolf*, 105 Mo. 52; *Bailey v. Winn*, 101 Mo. 658; *Corrigan v. Morris*, 97 Mo. 174; *Tracey v. Griffet*, 112 Mo. 237; *Bailey v. Winn*, 113 Mo. 161. (2) This action was properly brought. It is trespass on the case—not *quare clausum fregit*—not trespass. *Bobb v. Granite Co. supra*; *Roy v. Ayers*, 5 Duer, 494; *Mayor, etc., of Cartersville v. Lyon*, 69 Ga. 577; Taylor on Landlord and Tenant [5 Ed.], sec. 173, p. 122. The petition expressly alleges the injury to be to the reversion—and not to the possession. (3) The court properly refused to declare the law, that plaintiff could not recover on the evidence. *Krider v. Milner*, 99 Mo. 149; *Rothschild v. Railroad*, 92 Mo. 95; *Avery v. Fitzgerald*, 94 Mo. 210; *Nichols v. Nichols*, 39 Mo. App. 293. (4) The law that a corporation is liable to strangers for injuries caused by the careless and negligent acts of its agents within the scope of their duty, needs no citation of authorities to support it. (5) If defendant's theory that it was the duty of Robinson to deliver the case of goods upon the sidewalk and not upon the elevator is correct, defendant stands in no better position. This would be a case

of an agent acting within the scope of his employment, but violating the instructions of his principal. *Garretzen v. Duenckel*, 50 Mo. 111; *Snyden v. Railroad*, 60 Mo. 416; *Paint and Color Co. v. Coulon*, 92 Mo. 229.

GILL, J.—This suit originated before a justice of the peace and was subsequently taken to the circuit court on appeal. It was brought to recover damages for an injury to plaintiff's reversionary interest in the premises known as 1038 and 1040 Main street, Kansas City. At the time of the injury, to-wit, on the fifth of May, 1892, plaintiff was the owner of said premises, and John Taylor was in possession thereof under a lease to expire July 1, 1893.

The evidence showed that on the fifth of May, 1892, one Robinson, in the employ of defendant, drove in front of said premises with a load of goods in cases for John Taylor's store. While delivering one of these cases weighing six hundred pounds, upon the elevator, located upon the sidewalk in front of the building and used for the purpose of carrying goods into the basement, Robinson carelessly allowed the case to fall against the large plate glass window, destroying the same.

The defendant had been delivering goods to John Taylor's store for ten or twelve years. The understanding in the beginning was that defendant should deliver goods to John Taylor's store at so much per ton. Five or six years before this damage the elevator above mentioned was constructed under the sidewalk. It came up even with the sidewalk and occupied a space two and one-half by three feet. When not in use this opening in the sidewalk was covered by an iron trap door. The west side of this elevator was about twenty-eight inches from the window that was broken.

Since the construction of the elevator, the goods

hauled by defendant had been invariably—except when the cases were too large—delivered upon the elevator by agents of defendant. Two or three hundred cases of goods on an average, a month, were thus delivered by defendant at this store. There was evidence tending to prove that defendant's manager knew that the goods were delivered upon the elevator by defendant's agents on the fifth of May, 1892, and long prior thereto.

The lease between plaintiff and John Taylor contains the following covenant: "Said Ridge agrees that he will keep the outside of said building in good repair and will keep the same weather tight."

The foregoing is taken from the statement by plaintiff's counsel, and which from the record we find to be fair.

It cost the plaintiff $45 to restore the broken window; and for this sum the court, sitting as a jury, awarded plaintiff a judgment, from which defendant appealed.

The trial court gave all the declarations of law asked by defendant, except one which was in effect a demurrer to the entire evidence; and the refusal to give this constitutes the principal matter here complained of.

The general principles of the law of master and servant unquestionably settle this case against the defendant; for it is well understood that the master will be held responsible for the negligent acts of the servant done in the general scope of his employment and in pursuit of the master's business.

That the driver Robinson was careless and negligent in handling this box of goods, so as to cast it against the glass front of plaintiff's store, can scarcely be questioned; and that while hauling and delivering these goods, he was acting within the scope of his

employment is equally as certain.    At all events, these were questions of fact to be tried by the court, sitting as a jury; and since there was ample evidence to justify the court's finding, we are not authorized to disturb the judgment on that account.

The contention of defendant's counsel seems to be, that the limit of Robinson's employment was to take the freight to Taylor's store and deposit the same on the outer edge of the sidewalk; and that when he undertook to place the boxes on the floor of the elevator (which was a part of the inner half of the sidewalk) he was then beyond the scope of the master's business, and in the manner of doing this the defendant was not liable.    But under the evidence the court was justified in finding that the driver's duty went further than this, and that delivery of the goods to Taylor was not complete until they were placed on the platform of the elevator.    The contract as originally made between Taylor and the defendant was not specific as to the exact point where the freight should be delivered—it only provided that defendant should, at so much per ton, carry the same and deliver at the store.    But the conduct of the parties had made that certain which was before left in doubt.    Taylor had habitually in the course of several years required the defendant's employees to deposit the goods on the platform of the elevator whence they were lowered to the basement of the store; and this had been done, as the evidence tends to show, with the knowledge and consent of the transfer company.    So then it is clear that, when the driver carelessly let the box of goods fall against the plate glass window, he was still in the performance of the defendant's business.

Neither is there any doubt that plaintiff Ridge, and not the tenant Taylor, was the proper party to sue for this damage done the freehold.    If it was a mere

wrong committed against the *possession* then there would be some point to counsel's contention. But, as said by plaintiff's counsel, this is trespass on the case rather than *quare clausum fregit,* and manifestly the landlord has a right to sue and recover for damages done the reversion. *Bobb v. Syenite Granite Co.,* 41 Mo. App. 642.

Nor is there any doubt that this is an action within the jurisdiction of a justice of the peace; it does not involve title to lands. *Polhans v. Railroad,* 45 Mo. App. 153.

There is no merit in this appeal, and the judgment will be affirmed. All concur.