LINCOLN COUNTY, MISSOURI, v. E. I. DU PONT DE NEMOURS & COMPANY, INC., A CORPORATION; NATIONAL SURETY COMPANY OF NEW YORK, A CORPORATION; THE BANK OF OLD MONROE, A CORPORATION, DEFENDANTS, NATIONAL SURETY COMPANY OF NEW YORK, A CORPORATION (INTERPLEADER), APPELLANT; BANK OF OLD MONROE, A CORPORATION (INTERPLEADER), APPELLANT.— 32 S. W. (2d) 292.

St. Louis Court of Appeals. Opinion filed November 5, 1930.

*Howell & Jackson* for appellant National Surety Company of New York.

*B. H. Dyer* for appellant Bank of Old Monroe.

*G. C. Huston* and *D. E. Williams* for respondent.

BECKER, J.—This is a consolidated case of cross-appeals in an action of interpleader between the National Surety Company of New York, a corporation, and the Bank of Old Monroe, a corporation, for certain funds retained by the county court of Lincoln county, Missouri, out of moneys due one J. F. Murphy on account of the construction of a public road. Upon trial of the case below a decree was entered awarding part of the fund to each of said interpleaders, and each interpleader in due course appeals.

It appears that on May 4, 1922, one J. F. Murphy entered into a contract with Lincoln county, Missouri, to construct, at his own cost and expense, a certain public road in Lincoln county, Missouri, known and designated as Lincoln County Bond Project No. 15-A; that it was provided in said contract that the said Murphy would do all the work required, and furnish and pay for all labor employed and material used in the construction of said public road; that said contract further provided that Lincoln county, Missouri, should retain out of the moneys due the said Murphy, on account of the construction of said public road, the sum of fifteen per cent out of each monthly estimate until the said public road was completed, and the said Murphy had furnished the county court with satisfactory evidence that he had paid and settled for all material furnished and labor performed in and about the construction of said public road; that on the 11th day of May, 1922, the said Murphy, as principal, and the defendant (interpleader) National Surety Company of New York, as surety, made, executed and delivered to Lincoln county, Missouri, their bond in the penal sum of five thousand dollars, conditioned, among other things, that "if the said J. F. Murphy should, in all things, well and truly perform all the terms and conditions of the aforesaid contract, and pay all lawful claims for materials furnished or labor performed in the construction of said highway, then this obligation to be void, otherwise to remain in full force and effect," as provided by section 1040, Revised Statutes 1919; that on the 24th day of June, 1922, the said Murphy did, by his contract in writing, for

moneys advanced and loaned him by the defendant, Bank of Old Monroe, assign, transfer and set over to the defendant, Bank of Old Monroe, all warrants representing payments for construction of said highway and authorized the county court of Lincoln county, Missouri, to pay to defendant, Bank of Old Monroe, any and all moneys due the said Murphy on account of the construction of said highway; that the said assignment was delivered to the county court of Lincoln county, Missouri, and by them approved by an entry of record, and that thereafter all payments due the said Murphy were made to the defendant bank, except the fifteen per cent in controversy in this suit; that the said Lincoln county, Missouri, did retain said fifteen per cent out of the moneys due the said Murphy in accordance with the terms of the contract and that said moneys so retained amounted to the sum of $2788.43; that the said Murphy defaulted on said bond and failed to pay for all labor performed and material furnished in the construction of said highway, and the county court of Lincoln county, Missouri, refused to pay the said Murphy the said fifteen per cent of the contract price retained by it and filed its interplea which was allowed, and in accordance with the order of the court allowing said interplea, the defendant, National Surety Company of New York, and the defendant, Bank of Old Monroe, duly filed their interpleas herein.

The defendant, National Surety Company of New York, filed its interplea, setting up its demand and claim to this fund, alleging that Murphy failed to pay and discharge all lawful claims for materials furnished and labor performed in the construction of said public road, and that by reason thereof certain judgments were recovered against it, the said National Surety Company of New York, on said bond, and that it had paid said judgments. It alleges that such judgments were obtained against it by E. I. du Pont de Nemours & Company, Incorporated, for $328.47; James J. Connaughton, et al., for $105.58; Bangert Brothers Drayage Company for $1468.10, and that it paid $78.60 on account of costs incurred in connection with these judgments. It further alleges that in full satisfaction of claims for materials furnished to the said J. F. Murphy and used in the construction of said public road, it paid Schacker Mercantile Company $30.78, and $36.56 to H. A. Rechamp. It is then alleged that it thereby became subrogated to the rights of Murphy in the fund, and asks for judgment for $2648.34, the aggregate amount of all these several judgments, claims and costs.

The interpleader, Bank of Old Monroe, by its interplea, makes claim to the fund by reason of the asignment to it made by Murphy.

The National Surety Company filed its answer to the interplea of Bank of Old Monroe; the same being in its nature a general denial.

The Bank of Old Monroe filed its reply to the interplea of the National Surety Company—a general denial—and then alleging that at the time said Surety Company executed the bond in question it took from Murphy an assignment in writing whereby Murphy assigned to it the sums of money accruing to Murphy by said contract for road construction, and that said Surety Company, by reason thereof, became entitled to a legal remedy for the same claims it now makes in equity, and that by reason of said legal remedy is not entitled to an equitable remedy.

At the trial of the case interpleader, National Surety Company, introduced its evidence first. It made its case by the introduction of the road contract and the bond, and the entire record of the several cases in which judgments pleaded by it in its interplea had been recovered.

The Bank of Old Monroe objected to the introduction of the petition, judgments and payments thereof on the ground that they were hearsay and were declarations and actions to which the Bank of Old Monroe was not a party and therefor were not binding on the Bank of Old Monroe. This testimony was admitted by the court over these objections and exceptions were duly saved.

In the proof submitted by interpleader, Bank of Old Monroe, it was shown that the alleged assignment had been executed to it by Murphy; that Murphy had borrowed money from said bank against this assignment and at the time was indebted to said bank because of such loans in an amount greatly in excess of the sum paid into court. It was also shown in evidence that at and prior to the time National Surety Company executed the bond in question it had taken from Murphy an assignment in writing as follows:

"That in further consideration of the execution of said bond the undersigned hereby assigns, transfers and conveys to the company all the deferred payments and retained percentages, and any and all moneys and properties that may be due and payable to the undersigned at the time of any breach or default in said contract, or that thereafter may become due and payable to the undersigned on account of said contract, or on account of extra work or materials supplied in connection therewith, hereby agreeing that such money and the proceeds of such payments and properties shall be the sole property of the company and to be by it credited upon any loss, cost, damage, charge and expense sustained or incurred by it under said bond."

The trial court found that the National Surety Company was entitled to be subrogated to the claims of all parties who had allegedly furnished materials and performed labor for the said J. F. Murphy and were used in the construction of said highway except as to the claim of Bangert Brothers Drayage Company for hauling crushed rock, and based its finding against the surety company on that item on the fact that the Bangert Brothers Drayage Com-

pany were subcontractors, and as such not entitled to protection of the bond, and for the further reason that the hauling of crushed rock in automobile trucks was not labor within the meaning of the statute.

We herein dispose of the cross-appeals of said interpleaders from the judgment awarding a division of the funds between the interpleaders as outlined above.

We take up first the assignment of error here urged by appellant, Bank of Old Monroe, to the effect that the trial court erred in admitting in evidence the several judgments offered by the inter-. pleader, National Surety Company, in support of its case, for the reason that these judgments were not res adjudicata as to the Bank of Old Monroe, but were hearsay evidence and in no way binding on said bank.

This point is without merit. It has been held repeatedly that a judgment against the surety is prima-facie evidence against the principal of the amount which the latter is liable to pay, but it is not conclusive. [Sayward v. Denny, 158 U. S. 180, l. c. 188; Knickerbocker v. Wilcox, 83 Mich. 200, 21 Am. St. Rep. 595, 47 N. W. 123; Snider v. Greathhouse, 16 Ark. 72.]

So too must we rule against the appellant, Bank of Old Monroe, the point sought to be made that since the National Surety Company, when it signed the bond which made it surety for Murphy in this case, took from Murphy an assignment in writing, the very thing which it now asks a court of equity to assign to it, it does not show itself entitled to any equity since it has an adequate remedy at law. It is urged in support of this contention that since the National Surety Company had obtained such written assignment, that all that it was necessary for it to have done was for it to have given notice to the county court of Lincoln county that such assignment had been made. The fallacy of this argument appears from the record of the case itself in this, that the county court of Lincoln county by reason by the claims against it of the National Surety Company and the Bank of Old Monroe, each claiming the fund in its hands, made it necessary that it file this interpleader, which upon a hearing was sustained by the trial court, and the National Surety Company, as well as the Bank of Old Monroe, as the defendant named in said interpleader suit, were each required to assert its claim to the fund in this action.

The right of a surety to recover from his principal the amount which he has paid in his behalf, is a right which may be established in a court of law; but his right to stand in the place of the creditor as to all securities, funds, liens and equities, which he may have for the said debt, is a right which can only be established in a court of equity. [Miller v. Woodward & Thornton, Admrs., 8 Mo. 169.] An implied promise to pay on the part of the principal arises in

favor of the surety immediately upon his payment of the debt of the principal. [Holliburton v. Carter, 55 Mo. 438; Harper v. Rosenberger, 56 Mo. App. 388.]

Lastly it is urged on behalf of the appellant, Bank of Old Monroe, that it was error to allow the National Surety Company to recover court costs and interest incurred in connection with the recovery of judgment for the payment of money which it says it was obliged to pay for its principal. The ruling of the trial court in this respect must be sustained. The general rule is undoubtedly that a surety can recover of the principal only the amount or value which he has actually paid in discharge or satisfaction of the principal's indebtedness. This ordinarily includes, however, not only the amount of the original debt itself, but also any interest which may have been due thereon, and any expenses or costs to which the surety may have been subject to as a result of such payment. [21 R. C. L. 1124; Brentnal v. Helms, 1 Root (Conn.), 291, 1 Amer. Dec. 568; New Jersey v. Connolly, 75 N. J. Eq. 521, 72 Atl. 363, 138 Amer. St. Rep. 577.]

We come now to the assignment of error here urged by appellant, interpleader, National Surety Company. It deals solely with the alleged erroneous action of the trial court in denying it the right of subrogation on account of its payment of the claim and judgment of the Bangert Brothers Drayage Company.

The record discloses that the claim of the Bangert Brothers Drayage Company against Murphy, the contractor, upon which judgment was rendered in the circuit court of Lincoln county against the National Surety Company as surety upon the bond of said Murphy, was for hauling crushed rock, which was used in the surfacing of the public road contracted to be built by said Murphy for Lincoln county, from the contractor's crusher to the road, and for hauling coal.

Bangert Brothers Drayage Company is a partnership engaged in the general hauling business, and the petition in a suit by it against the National Surety Company, which was introduced in evidence in this case, alleges that the Bangert Brothers Drayage Company had "entered into a contract with the said Murphy to perform certain work and labor by way of hauling crushed rock, coal, and wood in the furtherance of the building of said public road." The itemized statement of their claim, which is set out in their petition, shows that it is for (1) hauling wood and coal to the contractor's crusher at $2.50 per hour, and (2) hauling crushed rock from crusher to road at sixty cents per cubic yard.

Section 1040, Revised Statutes 1919, provided that contractors for public work shall give a bond conditioned for the "payment of materials used in such work and for all *labor performed* in such work, whether by subcontractors or otherwise." The claim of the

Bangert Brothers Drayage Company to fall within the purview of the statute must be brought within the provision relating to *"labor performed* in such work." To this we cannot accede. The lien is specifically limited to the person or persons who *perform* labor in such work.

But here we have the three Bangert brothers, as copartners engaged in the business of contracting for hauling and transportation, seeking to recover from the surety on the contractor's bond as for "labor *performed* in such work," for hauling rock from the contractor's crusher to the road upon which the work was being done, at the price of sixty cents per cubic yard, such hauling being done in motor trucks *driven by men furnished* by said Bangert Brothers Drayage Company. He who himself *performs* labor is a laborer, but not so he who by contract furnishes the labor of others. The Bangert brothers themselves did not *"perform* any labor in such work"; but as subcontractors had material hauled at a stated price per cubic yard, by means of motor trucks and drivers *furnished* by them.

In the recent opinion of our Supreme Court in the case of State ex rel. Winebrenner v. Detroit Fidelity & Surety Co., No. 28909, not yet published, it was held that an employee of a road contractor can recover from the surety on the contractor's bond for use of his team, used by him *in connection with his work done* in the construction of the highway. In other words, our Supreme Court has held that an employee who furnished his own wagon and horses, which he drove in connection with the work done upon the highway, can recover upon the bond of the surety the value of the combined work of such employee and his team under section 1040, Revised Statutes 1919. In that case, however, the claimant himself was a laborer. He himself drove his own team of horses, so that he had actually *performed* labor. Had the individual Bangert brothers themselves driven these trucks in which the hauling of the rock was done, they would be held to have actually *performed* labor in hauling the rock, and their claim would fall within the purview of what was ruled in the Winebrenner case. So too we would have a different question if this was a claim by the drivers of the several trucks in which the rock had been hauled.

In our view the Bangert Brothers Drayage Company, claimants here, cannot be viewed as having actually *performed* any labor; they merely *furnished* the labor of others to do work in connection with the building of the road. The distinction we make under the wording of our statute is between those who contract to *furnish* labor as against those who actually *perform* labor. Our statute limits its protection to those who *labor* and is not intended to extend it to those who merely hire out the labor of others.

Cases from other jurisdictions are cited by appellant, National Surety Company, in support of its contention that the items cov-

ered by the Bangert Brothers Drayage Company's claim fall within the terms of the bond. These cases, however, must be considered in light of the language of the particular statutes in such States. We have examined each of these cases and find that they are clearly distinguishable either upon difference in facts or by reason of the difference in the statutes of the jurisdiction quoted from, as compared with our section 1040. The difference of these statutes we have heretofore commented on at length in the case of Wiss v. Royal Indemnity Co., 219 Mo. App. 568, 282 S. W. 164.

It follows that the judgment of the trial court should be affirmed. It is so ordered. *Haid, P. J.,* and *Nipper, J.,* concur.