GRANITE BITUMINOUS PAVING CO., RESPONDENT, v. H. F. STANGE, APPELLANT.—37 S. W. (2d) 469.

In the Springfield Court of Appeals.   Opinion filed April 3, 1931.

*Chas. R. Warden, Norman Cox* and *Hugh Dobbs'* for appellant.

*McReynold & Blair* and *A. J. Thornberry* for respondent.

BAILEY, J.—This is an interpleader suit. The bill of interpleader sets up that respondent, the Granite Bituminous Paving Company, hereinafter referred to as the plaintiff, is a corporation and that in the year 1926, it contracted with the City of Joplin, Missouri, to pave a certain portion of Main street in said city, and gave bond to pay for all labor and material furnished in carrying out said contract. It is further alleged that plaintiff employed H. F. Stange, defendant herein, to perform a part of the paving contract, said Stange having full power to employ other labor and subcontractors, to whom plaintiff, by reason of its bond, became liable for the value of their labor and materials furnished; that J. C. Jones (the other defendant who is not a party to this appeal), was so employed by defendant Stange, either as a laborer or subcontractor, and performed labor and claims to have furnished materials on said contract; that plaintiff has in its possession $535 which is the total balance due by plaintiff for labor and materials furnished for said paving; that defendant Stange and defendant Jones each claim all of said sum; "that defendant Stange denies any right of defendant Jones to said sum or any portion thereof,

and defendant Jones denies any right of defendant Stange to said sum or any portion thereof; that both said defendants have demanded payment of said sum from plaintiff and have threatened and are threatening to sue plaintiff therefor; that plaintiff owes said balance of $535 as aforesaid held by it, but is unable to determine which of said defendants is entitled thereto or to which of said defendants said sum should be paid.'' Then follows a formal prayer that plaintiff be permitted to pay the money into court and be discharged.

The answer to the bill of interpleader filed by defendant Stange, sets up that he, as a subcontractor, employed Jones to perform certain work by contract; that ''under said contract and bond aforesaid, the plaintiff herein became liable under said contract to the defendant Stange herein for the work and labor done and materials furnished under said subcontract and under said bond and the statute aforesaid became personally liable and indebted to the defendant Jones, for which said Jones had a separate action against plaintiff for all the work done and materials furnished under said paving contract, and a separate action against this defendant Stange.'' It is further alleged that there is no identity of funds as between defendants Stange and Jones; that, ''defendant Jones' right to sue plaintiff is an independent suit and cause of action as one having performed labor under plaintiff's contract and bond with the city of Joplin, and is an unliquidated claim and in no way depends on the right of defendant Stange to sue plaintiff on his contract with plaintiff for the balance due under the terms of said contract, and the right of said defendant Jones to sue plaintiff on said bond does not constitute a lien upon or right to the particular chose in action in question, but is a right to recover the value of services performed under said bond, which said value of said services constitutes an unliquidated claim and not a claim or lien upon the particular debt which plaintiff owes defendant Stange as the balance due on the contract between plaintiff and defendant Stange; that the value of the services of defendant Jones for which he has a right of action against plaintiff on said bond is uncertain and unliquidated, so that there is and can be no identity of the fund or choses in action claimed.''

It is further alleged that plaintiff has no right to maintain a bill of interpleader because plaintiff has a personal interest as a bond litigant who can be directly sued thereon. There are other allegations which need not be set out for the purposes of this appeal.

Upon trial to the court a judgment was rendered sustaining the bill of interpleader and requiring defendants to interplead. Defendant Stange has appealed from that judgment.

It is urged that plaintiff's bill fails to state a cause of action of interpleader because, "its bill showing on the face thereof that respondent is not a mere stakeholder, without interest, of an identical fund claimed by appellant and Jones, but pleads an independent liability to appellant based on a definite contract between appellant and respondent and to which Jones is not a party, and also pleads an independent and different liability to Jones separate from and independent of the contract between appellant and respondent and based on the contract and bond of respondent with the city, respondent's liability to Jones being on a *quantum meruit* in a suit on the bond, and this liability being unliquidated, so there is no identity of fund."

The equitable doctrine of interpleader has been evolved from necessity and as a convenient method of adjudicating the rights of rival claimants to a fund or property held by a third person having no personal interest therein, so as to permit such third person to relieve himself of the vexation and expense of several actions at law and the danger of successive judgments for the same thing. In Pomeroy's Equity Jurisprudence, the essential prerequisites to maintain a bill of interpleader are thus stated:

"1. The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded;

"2. All their adverse titles or claims must be dependent, or be derived from a common source;

"3. The person asking the relief—the plaintiff—must not have nor claim any interest in the subject-matter;

"4. He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder." [(4 Ed.), Vol. 4, p. 3172, sec. 1322.]

Our courts have accepted that statement of the equitable principles involved in the doctrine, which statement of the law is, indeed, almost universally recognized. [Smith v. Grand Lodge A. O. U. W., 124 Mo. App. 181, l. c. 202; Hartsook v. Chrissman, 114 Mo. App. l. c. 561; Roselle v. Bank, 119 Mo. 84, 24 S. W. 744.]

The right is also defined, as follows: "Where two or more persons severally claim under different titles, derived from a common source, the same debt or thing from another who, not claiming any title or interest therein himself, and not under independent liability to either of the claimants, and not knowing to which of the claimants he ought of right to render the debt or duty claimed, or to deliver the property in his custody, is either molested by an action or actions brought against him or fears that he may suffer injury from the conflicting claims of the parties, such debtor

or person in possession is entitled to the remedy of interpleader.'' [33 C. J., p. 427, sec. 11.]

Applying the foregoing principles to the allegations of plaintiff's petition in this case, we shall first consider whether or not there is an identity of fund or debt claimed by defendants. It is admitted that defendant H. F. Stange was employed by plaintiff to perform a certain portion of a paving contract as to which plaintiff was employed as a general contractor by the city of Joplin. It is also admitted that plaintiff owed, on the contract with Stange, the sum of $535, at the time the bill of interpleader was filed. The petition alleged that both Stange and his subcontractor Jones claimed all of said fund. The answers of both defendants likewise laid claim to all of said fund. In so far then as the pleadings are concerned there was clearly an identity of the fund. The trial court, however, found by its judgment and decree that neither party was entitled to the whole of said fund, but their joint claims equalled that exact amount. But granting that plaintiff's petition and the evidence shows the claim of one of the defendants, Jones, was for an unliquidated amount, less than the whole fund, while that of defendant Stange was for the full amount, is there such an identity of the subject-matter as will sustain a bill of interpleader? We find no Missouri decision on that particular point but believe the question satisfactorily answered by Pomeroy in his work on Equitable Remedies, sec. 46, p. 45 (Supplementary to Pomeroy's Equity Jurisprudence (3 Ed.), wherein it is said: ''Another instance of difference in the amounts claimed by the different defendants, where the debt or duty may still be the same, occurs in cases where a fund being in plaintiff's hands, the whole of it is claimed by one defendant, and parts of it are claimed by the others. With regard to such cases, CHRISTIANCY, J., said, in School District v. Weston, 31 Mich. 85: 'Upon the great weight of authority, both English and American, a much more liberal and reasonable rule has been established, and bills of interpleader have been frequently maintained, where the several claimants, instead of claiming the whole fund or matter in dispute, have claimed different portions of the fund, when the aggregate of all the claims exceeded the full amount of the fund; and the complainant being, as in the present case, virtually a stakeholder, and unable to determine to whom or in what proportions the payments should be made.' In this case the plaintiff had let a contract for building a schoolhouse for a specified sum to a contractor, and portions of this contract price were claimed by subcontractors and materialmen, the total amount of their claims exceeding the whole contract price.'' [5 Pomeroy's Equity Jurisprudence, p. 45.] We think the justness of that statement of the law too clear for argument. Any other view would result in a denial of the right to

file a bill of interpleader in any suit by the holder of the fund as between the contractor and subcontractors, unless all subcontractors claimed exactly the same amount, although their aggregate claims equalled the amount in dispute, all of which, might be claimed by the contractor. The plaintiff would thus be liable to pay the same debt twice. There appears to be no legal remedy in such cases, and we perceive no sound reason, under that state of facts, for denying the stockholder's right to maintain an interpleader suit and in permitting the various claimants to have their rights adjudicated.

The adverse claims must be derived from a common source. Considering that phase of the case, it appears from the petition that defendant Stange was a subcontractor under plaintiff and had agreed by oral contract to do a certain portion of the work for a specified sum. Under this contract defendant Stange had the right to employ other labor or subcontractors and did do so. The right of defendant Jones to perform any portion of the work was dependent upon the contract of Stange with plaintiff and that right could not have arisen from some independent source. By employing defendant Jones to do a portion of the work, defendant Stange, in effect, surrendered so much of his contract as he turned over to Jones and at the same time made plaintiff liable to Jones for the work done by him under plaintiff's bond with the city of Joplin. [Section 2891, Revised Statutes 1929.] The work performed by Jones was the same work which Stange had contracted to do under his contract with plaintiff and without that contract neither Stange nor Jones would have any claim whatever. It follows the title of the claimants must be held to have been derived from a common source.

Plaintiff must have no interest in the subject-matter. Defendant relies upon the case of Hartsook v. Chrissman, 114 Mo. App. 558, as authority for the proposition that plaintiff in this case was not a mere stakeholder; but interested in the claim, by reason of having incurred separate independent liabilities to each of the defendants Stange and Jones. The Hartsook case was one in which two real estate agents each claimed a commission for the sale of plaintiff's land. The claimants in that case each had independent titles based on personal contracts. One was not derived by or through the other and there was no privity between them. But in the case at bar each defendant performed labor or furnished material under the terms of the same contract. The fund was one in which plaintiff had no interest except that it be relieved from paying twice for the same work. The Hartsook case, supra, is referred to with approval in the case of Love v. Ins. Co., 153 Mo. App. 144, but it is there pointed out that, "the mere fact a contractual relation exists between the party seeking interpleader and one of the claimants to

the fund requiring its payment to such party will not of itself defeat the right of interpleader was declared in an instructive opinion by the Supreme Court of Pennsylvania. [See Bechtel v. Sheafer, 117 Pa. 555.] In that case Sheafer had contracted by due bill to pay Bechtel $2000. Bechtel sued Sheafer, the maker of the due bill, thereon and he answered by tendering the fund into court and praying that one, Batdorf, be required to interplead Bechtel therefor. It appearing Batdorf claimed his right by an assignment from Bechtel, the payee in the due bill, the court declared the case one of interpleader notwithstanding the direct promise contained in the due bill to pay Bechtel, the plaintiff. The case reveals privity between the two claimants, for Batdorf asserted his right as derived through an assignment from Bechtel, the ' plaintiff. There are numerous cases involving immediate and direct promises to pay one of the parties where the right of interpleader has been sustained on privity appearing between the claimants and derivative rights disclosed.'' [l. c. 151-152.]

The rule has been thus stated: "An interpleader is allowed wherever the adverse claim originates from some act of the bailor, principal, or landlord, done or suffered after the commencement of the bailment, agency, or tenancy, and causing a dispute as to which of the parties is entitled to the thing, fund, or duty. The claim of the third person, instead of being under an independent, antagonistic, paramount title, must be made under a title derived from that of the bailor, principal, or landlord; it must acknowledge, and not deny, such original title.'' [5 Pomeroy's Equitable Remedies, p. 87, art. 53.]

The modern tendency seems to indicate a relaxation of the rule requiring privity of title or estate in the claimants. [33 C. J. 435; McGinn v. Interstate Nat'l. Bank, 178 Mo. App. 347, 166 S. W. 345.] Be that as it may, we are satisfied plaintiff's petition sufficiently alleged a common source of title to comply with the rule.

It is said plaintiff cannot prevail because the petition indicates its liability to defendant Stange was dependent solely upon a contract and that its liability to defendant Jones was dependent upon the contractor's bond as provided by sections 2890, 2891. The latter section, among other things, provides that ''Every person furnishing material or performing labor, either as an individual or as a subcontractor for any contractor, with the State, city, town, etc.,'' shall have the right to sue on the contractor's bond. This section was enacted to provide a remedy where the right to file a mechanic's or materialman's lien was denied in contracts with a municipality or other political subdivision of the State. [Missouri State Highway Commission v. Cooper Const. Co., 286 S. W. 736.]

It has been held not to apply to a subcontractor on a claim for labor not performed by him personally. [Lincoln County v. E. I. DuPont De Nemours & Co.; 32 S. W. (2d) 292.]

But it certainly would apply to a subcontractor for material furnished by him used in the project. In the answer of defendant Stange, claim is made for material furnished to the amount of $353, used by Jones in the paving contract. Other items are of similar import. It would seem that at least for such materials defendant Stange, as a subcontractor, would have a right of action against plaintiff on the bond given by plaintiff to the city. Therefore, both defendants stand in the same shoes and plaintiff should be entitled to let them fight out their differences without being subjected to a double liability. The equity of permitting plaintiff to maintain a bill of interpleader under such circumstances cannot well be denied. Defendant Stange should not have the right to require payment in full when by his own act he has created a situation which will force plaintiff to defend against two suits and possibly pay twice for the same work or materials.

This cause was in this court on a former appeal and remanded because there appeared to be no judgment discharging plaintiff and permitting defendants to interplead. [See 8 S. W. (2d), p. 1087.] That appeal is not *res adjudicata* in this case, as contended by plaintiff, herein, because that decision was based upon the proposition that there was no judgment sustaining the bill of interpleader. It follows that the judgment of the trial court discharging plaintiff and requiring defendants to interplead should be affirmed. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.