W. C. SHAW, d/b/a City Transfer & Storage Company (Plaintiff), Appellant,

v.

J. A. GREATHOUSE and Kathryn Greathouse, d/b/a Ace Refrigeration Service, and Ida Godfrey (Defendants), Respondents.

No. 22440.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1956.

Richard H. Beeson, David P. Dabbs, and Dean F. Arnold, Kansas City, for appellant.

William J. Gilwee, Kansas City, for respondent Ida Godfrey.

CAVE, Judge.

Plaintiff (appellant) filed a petition in the nature of a bill of interpleader under Section 507.060 RSMo 1949, V.A.M.S. Defendants Greathouse filed an answer, but defendant Godfrey filed a motion to dismiss the petition for the reason that it did not state sufficient facts upon which relief may be granted. This motion was sustained and plaintiff appealed.

The petition, which is designated, "Petition in Nature of Bill of Interpleader", alleges that the plaintiff is an individual doing business as City Transfer & Storage Company; that defendants I. A. and Kathryn Greenhouse are husband and wife doing business as Ace Refrigeration Service; that Ida Godfrey, a single woman, is the owner in fee of certain real estate located at 14 East 31st Terrace, Kansas City, upon which there was a building or shed formerly used as a garage; that said building was leased for a term of years to defendants Greathouse; that on June 23, 1952, plaintiff's employee "damaged said building"; that "as a result of said incident, plaintiff is being exposed to multiple liability for said damage"; that defendant Godfrey had filed a suit in the magistrate court for her damage; that defendants Greathouse are threatening plaintiff with litigation for their damage; that each of said parties asserts that his or her interest in said building is equal to or exceeds $1,000, "which amount by many times exceeds the value of any damage plaintiff may have caused to said building." The prayer of the petition reads: "Wherefore, plaintiff prays the court to assess any damages he may owe either to defendant Ida Godfrey, or I. A. Greathouse and Kathryn Greathouse; that defendant Ida Godfrey be enjoined from prosecuting cause No. 28,933, before Magistrate Harry E. Whitney; that plaintiff be awarded a reasonable attorney's fee for filing this action;

and that plaintiff be given such other relief as to the court may seem just."

The question on appeal is whether the court erred in sustaining the motion to dismiss the petition.

Plaintiff contends that his petition alleges sufficient facts to state a claim within the provision of Section 507.060. This section reads: "Persons having claims against the plaintiff may be joined as defendants and required to interplead *when their claims are such that the plaintiff is or may be exposed to double or multiple liability.* It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this section supplement and do not in any way limit the joinder of parties permitted in section 507.040." (Italics supplied.)

Plaintiff argues that he is or may be "exposed to double or multiple liability" because of damage to the building owned by defendant Godfrey and leased to defendants Greathouse. The basis of this contention is that the plaintiff's liability to all defendants is limited to the difference in the building's market value caused by his trespass or negligence; that the tenant's measure of damage is the value of the leasehold; and that the owner's measure of damage is the difference in market value of the building or freehold, *less the value of the tenant's leasehold;* consequently the claims of defendants are adverse to the extent of the leasehold value, and plaintiff may be required to pay twice for the same damage or double damages for one act of trespass or negligence.

The rule, that the *value of the tenant's leasehold* must be deducted from

the landlord's damage, "presupposes that the destruction or damage of the building does not terminate ipso facto the outstanding lease, and relieve the tenant from liability for rent thereafter to accrue". 32 Am. Jur., Landlord and Tenant, page 98, Sec. 88. The plaintiff cites McAllister v. Reel, 53 Mo.App. 81, but the opinion in that case reveals that the tenant was not relieved from the payment of rent to the end of the lease term. In other words, where a building is damaged or destroyed, and the tenant is compelled to pay rent for the remainder of the lease term, that would be an element to be considered in making an award to the owner of the freehold. To the same effect is the holding of this court in Proceedings for Condemnation, etc. v. National Engineering & Mfg. Co., Inc., Mo.App., 274 S. W.2d 490. Plaintiff's bill makes no such allegation.

It is also important whether the damage to the building is permanent or temporary and easily reparable. The difference in market value is not always the measure of damages. 15 Am.Jur., page 517, 524, Secs. 109–114; Curtis v. Fruin-Colnon Contracting Co., 363 Mo. 676, 253 S.W.2d 158. However, we need not discuss that question because the bill does not disclose the extent of damage.

We are concerned with the question whether the plaintiff, a tortfeasor, can compel the landlord and his tenant to interplead their claims for damages resulting from such tort on the theory that plaintiff may be exposed to *"double liability"*.

█ It is well settled that a landlord and tenant have separate estates for injuries to which, by third parties, each has a right of action, and where a wrongful act injures the interest of both, each has a right of action for the injuries to his own interest and each may maintain a separate action. And it is held that: "This rule compels the wrongdoer, *not to respond in damages twice for the same injury,* but simply to compensate each of the parties for the injuries they

respectively sustain from the consequences of his tortious acts." 32 Am.Jur., Landlord and Tenant, page 90, Secs. 78, 88. For Missouri cases holding that a landlord may recover damages to the freehold, and a tenant, who has merely a possessory right, may recover for the injury to his use and enjoyment, see Bobb v. Syenite Granite Co., 41 Mo.App. 642; Brouster v. Shell Pipe Line Corp., Mo.App., 16 S.W.2d 672; Ridge v. Railroad Transfer Co., 56 Mo.App. 133; Ritchie v. State Board of Agriculture, Mo. App., 297 S.W. 435; Kretzer Realty Co. v. Thomas Cusack Co., 196 Mo.App. 596, 190 S.W. 1011; Thompson v. Granite Bituminous Paving Co., 199 Mo.App. 356, 203 S.W. 496; Bailey v. A. Siegel Gas Fixture Co., 54 Mo.App. 50; Simmons v. Kansas City, C. & S. Ry. Co., 201 Mo.App. 477, 213 S.W. 149.

█ What is meant by the words "double liability"? In Plaza Express Co., Inc., v. Galloway (banc), Mo., 280 S.W.2d 17, 21, the court said: "Obviously, 'double liability' means 'exposed to double recovery for a single liability'". After discussing the liberalizing effect of the statute on the ancient equitable action of interpleader, the court said: "The sole remaining question, then, is whether, under the facts stated in their bill, plaintiffs may be, in fact, subject to *two recoveries for a single liability,* for which *single liability* they are legally subject to only *one recovery."* (Italics supplied.) In Barr v. Snyder, 358 Mo. 1189, 219 S.W.2d 305, 308, in construing this section the court said: "The office of the equitable interplea is not to protect a party against a *double liability,* but against double vexation in respect to *one liability."* (Italics ours.)

█ *It is our conclusion that plaintiff's bill* of interpleader fails to state sufficient facts to entitle him to the relief under Section 507.060. The allegations are insufficient to support the contention that he may be required to "respond in damages twice for the same injury"; or, as said in the

Plaza Express Co. case, supra, he will be " 'exposed to double recovery for a single liability' ". If the landlord's measure of damage is affected by the leasehold, that matter can be controlled by proper instructions in the light of the evidence.

Plaintiff cites Curtis v. Fruin-Colnon Contracting Co., supra. That case is not in point, because the court was discussing the question of the measure of damage to real estate in a suit brought by the owner of the freehold, and said that the general rule is that the measure of such damage is the difference in the market value of the land before and after the injury by trespass or negligence. But the court also approved the equally well established rule that where damaged land or a building thereon can be restored to its former condition, at a cost *less* than the diminution in value, the cost of restoration may be recovered. In announcing this rule the court said, 253 S.W. 2d 164: "Thus this restoration rule of recovery is applicable only to cases where the cost of restoration is *less* than the difference in the value of the land before and after the injury and can never apply in any case where the cost of restoration is *greater* than the value of the land or building.". Such rule has no application to the issue presented on this appeal. It may have some bearing on Godfrey's measure of damage. See and compare, Gulf, M. & O. R. Co. v. Smith-Brennan Pile Co., Mo.App., 223 S.W. 2d 100; Cirese v. Spitcaufsky, Mo.App., 265 S.W.2d 753.

Plaintiff also cites Standard Surety & Casualty Co. of New York v. Baker, 8 Cir., 105 F.2d 578. In this case, Collins & Company, a Missouri corporation, was a dealer in the sale, transfer and exchange of securities within this state and had been required to give bond in the sum of $5,000, running to the state, conditioned upon faithful compliance with certain of our statutes. The Standard Surety & Casualty Co. was surety on that bond. Collins Company was adjudged a bankrupt and the Surety Company was confronted with a multiplicity of suits on some 70 claims, the aggregate amount of which far exceeded the surety's liability on the bond. It filed a petition in the nature of a bill of interpleader asking that all claimants be brought in and required to file their claims and the court determine the rights of the various claimants to the $5,000, the limit of its liability fixed by contract. The bill of interpleader was sustained and the court discussed at some length Federal Rule 22 of Civil Procedure, 28 U.S.C.A., which is quite similar to our Section 507.060. That case is not authority in the present appeal for at least two reasons: (a) The petitioner, the surety company, had a fixed contractual limit of liability; a specific fund to which many claimants asserted a right; and (b) the multiplicity of claimants asserting their right to the fund or a portion thereof. In the instant case there is no fixed amount of recovery; in other words, no specific fund claimed by other persons. Likewise, there is not such a multiplicity of claimants as a result of one tort to justify the court in sustaining the bill of interpleader.

Plaintiff also cites: Granite Bituminous Paving Co., v. Stange, 225 Mo.App. 401, 37 S.W.2d 469; St. Louis Southwestern Ry. Co. v. Meyer, 364 Mo. 1057, 272 S.W.2d 249, 46 A.L.R.2d 964; and Nashville, C. & St. L. Ry. v. Heikens, 112 Tenn. 378, 79 S.W. 1038, 65 L.R.A. 298. We have examined those citations and a reading of the opinions discloses an entirely different factual situation than that presented by plaintiff's bill.

The judgment of dismissal is affirmed.

All concur.